IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| BENJAMIN H. AND VERNETTE P. DANIELS | : |
| DEBTOR(S) | : BANKRUPTCY NO. 04-11496 SR |

# OPINION

By:   STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

Before the Court is a Motion to Dismiss the instant Bankruptcy case, as having been filed in bad faith. For the reasons which follow, the Motion will be granted and the case will be dismissed for want of good faith, as well as other good cause.

The present case represents a bankruptcy filing of a type which has become somewhat commonplace. Faced with financial problems, Debtors file a bankruptcy case. Prior thereto they have concluded that in connection with a prepetition mortgage loan transaction a violation of the provisions of one or more consumer protection statutes occurred. After commencement of the bankruptcy case, the Debtors commence an adversary proceeding to assert such claims, in some instances, such as here, requesting that their remedy, if successful, be the rescission of the loan.

The Court herein in no way means to imply that the above course of action is disfavored, let alone prohibited. On the contrary, it is a permissible course of action which this Court has encountered many times. In these circumstances, however, this Court has consistently made clear that while any such litigation is pending the Debtors, since they may ultimately be unsuccessful on their claims, must make/keep current on payments called for under their Chapter 13 plan, including, without limitation but in particular, post

petition monthly mortgage payments.  Any other practice would, of course, be grossly unfair, because if the Debtors fail to make their regular monthly mortgage payments, yet do not prevail in their lawsuit, they will essentially have reserved to themselves in the interim possession of the mortgaged premises at no cost.  This Court has thus placed particular emphasis on a debtor's adherence to the foregoing condition i.e., current payments, as a factor to be considered where a request for dismissal of the bankruptcy case is made.  The factor is implicated here and, as hereinafter discussed, it militates heavily against the Debtors.

The Debtors' mortgagee, EMC Mortgage, has filed the present motion to dismiss Debtors' case.  An answer in opposition was filed and a hearing was held on March 30, 2005.

EMC brings its motion under § 1307(c) of the Bankruptcy Code which provides, in pertinent part:

> (c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees and charges required under chapter 123 of title 28;
> (3) failure to file a plan timely under section 1321 of this title;
> (4) failure to commence making timely payments under section 1326 of this title;
> (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
> (6) material default by the debtor with respect to a

>    term of a confirmed plan;
>    (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
>    (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
>    (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521; or
>    (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521.

11 U.S.C. § 1307(c) (emphasis added). EMC's motion does not specifically cite to any particular one of the ten examples listed in the statute, although EMC does stress the existence of a substantial postpetition delinquency on the part of the Debtors. Moreover, "[i]t is an established rule of construction for bankruptcy statutes that " 'includes' and 'including' are not limiting." 11 U.S.C. § 102(3). It is therefore beyond dispute that a court may consider matters other than those enumerated in section 1307(c) as grounds for dismissal of a Chapter 13 petition." *In re Lilley*, 91 F.3d 491, 494 (3d Cir. 1996). This is significant, as there are other facts, apart from delinquency, which are relevant to the instant inquiry but which do not fit neatly within the ambit of the enumerated factors.

EMC's Motion alleges that the Debtors lacked good faith in filing this case. Motion, ¶ 7. The Third Circuit has specifically held that a lack of good faith in filing a case is sufficient cause for dismissal. *Lilley*, 91 F.3d at 496. "A creditor who challenges the debtor's filing bears the initial burden to put the debtor's good faith into dispute … The burden of persuasion then shifts to the debtor, who must offer evidence showing that the

bankruptcy process is not being misused." *In re Legree*, 285 B.R. 615, 618 (Bankr.E.D.Pa.2003).

EMC challenges the Debtors' good faith based upon the very documents filed by the Debtors in this case.[1] In both their original and amended Chapter 13 plan, the Debtors propose to rescind EMC's mortgage loan. *See* Amended Plan, ¶ 3. Until that occurs, however, both the original plan, as well as the amended plan, propose to pay arrears through the plan, and each <u>expressly</u> states that the Debtors will continue to make current monthly payments on the loan. *Id*. Yet, says EMC, the Debtors, in this case which was commenced on February 3, 2004, have not made any postpetition payments since May 2004. Motion, ¶ 23; Trans. 5. The Court finds the foregoing to place the Debtors' good faith in issue and to shift to the Debtors the burden of persuasion on this issue.

As to the allegation that they have not made a monthly mortgage payment to EMC since May 2004, the Debtors respond in their written answer with only a general denial. This is insufficient and unacceptable. Where the good faith of the Debtors has been called

---

[1] The Court will take judicial notice of the docket entries and record documents filed by Debtors in this case. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. *See Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1200 n. 3 (3d Cir.1991); *Levine v. Egidi*, 1993 WL 69146 (N.D.Ill.1993); *In re Paolino*, 1991 WL 284107, *12 n. 19 (Bankr.E.D.Pa.); *see generally In re Indian Palms Associates, Ltd.*, 61 F.3d. While a court may not take judicial notice sua sponte of facts contained in the debtor's file that are disputed, *In re Aughenbaugh*, 125 F.2d 887 (3d Cir.1942), it may take judicial notice of adjudicative facts "not subject to reasonable dispute ... [and] so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." *In re Indian Palms Assoc.*, 61 F.3d 197, 205 (3d Cir.1995) (citing Fed.R.Evid. 201(f) advisory committee note (1972 proposed rules)). Moreover, "factual assertions in pleadings, which have not been superceded by amended pleadings, are judicial admissions against the party that made them." *Larson v. Groos Bank*, 204 B.R. 500, 502 (W.D.Tex.1996) (statements in schedules). *See also In re Musgrove*, 187 B.R. 808, 812 (Bankr.N.D.Ga.1995) (same); *In re Leonard*, 151 B.R. 639, 643 (Bankr.N.D.N.Y.1992) (same).

into question based, in part, on their failure to make a significant number of postpetition mortgage payments, it is incumbent on the Debtors to do more than simply deny the charge. Yet, this is precisely what the Debtors have done. No proof to the contrary was offered. Meanwhile, the tenor of Debtors' Counsel's argument at the hearing leaves little doubt that the Debtors have not been paying EMC going forward because they believe that the debt will be reduced via their lawsuit.

Equally distressing, these circumstances highlight what appears to be a rather conspicuous ethical lapse on the part of Debtors' counsel. Debtors' counsel, of necessity, must have had occasion to discuss the status of postpetition mortgage payments with his clients, both at the time he filed their Amended Chapter 13 plan, and at the time he filed an answer to the present motion on their behalf. At the hearing on April 30, 2005, the Court emphasized the requirement that postpetition mortgage payments to be made, yet counsel, who <u>denied</u> that they had not been made, neither said nor produced any evidence to contradict the allegation that they had not been made.[2]

This situation is particularly egregious given what appears on the Debtors' Schedules. The Debtors have a budgeted expense of $3200 per month for "rent, home mortgage, or mobile-home lot rent." *See* Schedule J. Where that money has gone for the last eleven months is unexplained. This is precisely the fact pattern which the Court cannot

---

[2] This leaves the Court bewildered as to how counsel could possibly have signed the responsive pleading he filed on behalf of the Debtors without violating F.R.C.P. 11, specifically subparagraph (b)(4) thereof. In light of the Court's concerns, the Order which accompanies this Opinion will schedule a follow-up hearing at which Debtors' counsel will be directed to appear and show cause why he has not violated the aforesaid rule.

and will not condone. It is clear to the Court that the Debtors have abused the system. Irrespective of their subjective beliefs, the Debtors' conduct is clear objective evidence of bad faith. Specifically, the Court concludes that the Debtors' wholly unexplained failure to have made postpetition mortgage payments for almost an entire year constitutes 1) bad faith, 2) "unreasonable delay …that is prejudicial to [EMC]," and 3) the "failure to commence making timely payments under section 1326." 11 U.S.C. § 1307(c)(1), (4). Any one of these might constitute cause sufficient to support dismissal of this bankruptcy case. Collectively, they make the case for dismissal exceedingly strong.

Beyond the payment delinquency, EMC also asserts that cause to dismiss the Debtors' case exists because their proposed Chapter 13 plan is patently infeasible. As to feasibility, EMC again refers to what is contained in the Debtors' Schedules. Debtors list their debt to EMC at $364,000. *See* Schedule D. The debt is not scheduled as contingent, unliquidated or disputed. EMC actually concedes that at this point it is owed only $318,000. Motion, ¶ 13.[3] However, rescission of the loan, says EMC, will result in a tender requirement of at least that amount. EMC argues that, even without interest, the tender amount amortized over the life of the plan will require a monthly payment in excess of $5000. Trans. 5. These Debtors, EMC stresses, have a total combined monthly income of just $5,762. *See* Schedule I. Accordingly, the plan, says EMC, fails the ability to pay requirement found in § 1325(b)(1). The Court agrees.

The Amended Plan operates from an unacceptable premise: i.e., that upon

---

[3] A Proof of Claim in the amount of $376,616.19 was filed on March 8, 2004. To date no objection to the claim has been filed.

-6-

rescission of a loan under the Truth in Lending Act, the borrower would have no liability for the funds originally advanced to it. For Debtor's Counsel to describe such an outcome as the "normative remedy" under the statute and interpretive regulation is quite disingenuous, as it ignores numerous interpretive circuit court decisions on this very point. The majority of the nation's Courts of Appeal that have ruled on the issue have found that rescission of a loan may be conditioned upon tender.[4] This Court, meanwhile, has consistently held that a tender requirement arises upon rescission. *See In re Apaydin*, 201 B.R. 716, 725 (Bankr.E.D.Pa.1996). Because the tender analysis is grounded in the equities, this Court has on occasion allowed a rescinding borrower to pay out the tender requirement over the life of a plan, but on a secured basis. *See Cruz v. Household Finance, (In re Cruz)*, Case No. 03-17888, Adv No. 03-1152, Opinion dated November 1, 2004 and Order of December 14, 2004. In short, under no circumstances can the Debtors rescind the loan free from a tender requirement.

The Debtors, however, cannot possibly hope to deal with the tender requirement that

---

[4] The Third Circuit has not spoken on this subject. But elsewhere, there is a slight split among the circuits as to whether rescission must be conditioned upon tender. The Fourth, Sixth, Eighth, Ninth, Eleventh and District of Columbia Circuits hold that rescission may be conditioned upon tender. *See Williams v. Homestake Mortgage Co.*, 968 F.2d 1137, 1142 (11th Cir.1992); *Federal Deposit Insurance Corporation v. Hughes Development Company*, 938 F.2d 889, 890 (8th Cir.1991); *Brown v. National Permanent Savings and Loan Association*, 683 F.2d 444, 449 (D.C.Cir.1982); *Rudisell v. Fifth Third Bank*, 622 F.2d 243, 254 (6th Cir.1980); *Powers v. Sims and Levin (In re Powers)*, 542 F.2d 1216, 1221-22 (4th Cir.1976); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir.1976). Only the Fifth Circuit permits rescission independent of tender; however, it did state that the lender was entitled to its money back. *Gerasta v. Hibernia National Bank*, 575 F.2d 580, 584-85 (5th Cir.1978) (ruling that while the creditor was entitled to a return of the loan proceeds, the debt was no longer secured by a mortgage on the obligors' property and the creditor's duties were in "no way conditional" upon the obligors' "tender of the loan proceeds.").

would result from a successful rescission of EMC's loan. Even assuming that such amount will be at the figure posited by EMC: $318,000, they cannot pay that off over the life of a sixty month plan. The monthly payment would exceed $5000, and that is without an interest component. The Amended Plan is thus so patently infeasible as to provide independent cause to dismiss the case.

EMC further alleges that the Debtors' Schedules demonstrate that the plan fails the best interest of creditors test (§ 1325(a)(4)). That test requires, essentially, that creditors not receive more in a hypothetical liquidation of the estate than they are to receive under the Debtors' Chapter 13 plan. EMC posits that if its loan is rescinded, and its claim is viewed as unsecured, the Debtors will own unencumbered real estate worth $300,000. That is the value placed on the home as stated in their schedules. *See* Schedule A. The sale of that real estate, argues EMC, even factoring in exemptions, would yield proceeds greatly exceeding what the Debtors propose to pay in this plan ($400 per month).[5]

Finally, says EMC, the same proofs which demonstrate infeasibility and failure to meet the best interest of creditors test also operate to disqualify these Debtors from eligibility under Chapter 13. The unsecured debt limits applicable to these Debtors was $290,525. 11 U.S.C. § 109(e). If the Debtors prevail in their TILA lawsuit, the resulting

---

[5] In this respect the Court takes note of the fact that certain courts have adopted the position that a successful rescission converts the resultant tender requirement into an unsecured claim. *See e.g., In re Williams* 291 B.R. 636 (Bankr. E.D. Pa. 2003) This Court has not signed onto that proposition. Rather, this Court has held that although the equities may allow for a repayment of tender amount on other than a lump sum basis, the claim retains secured status until the tender requirement has been satisfied. The Court's discussion of EMC's arguments as to best interest and eligibility are thus included here simply to demonstrate that, even under a more relaxed variant of the requirement of tender, there is more and not less cause for dismissal of this case.

tender requirement (if considered to be unsecured) would exceed that limit.

In sum, the Court finds Debtors' response to the present Motion to be completely lacking in merit. Consequently, it finds that cause exists to dismiss this case. To recapitulate, first, there is convincing objective indicia of bad faith on the Debtors' part; second, their proposed plan is patently unfeasible, and third, even if their rescission claim is successful, and even if one were to view EMC's resultant tender claim as unsecured, the consequences would disqualify the Debtors from eligibility under Chapter 13. The Bankruptcy case will therefore be dismissed.

An appropriate Order follows.

By the Court:

_____
Dated: <u>April 25, 2005</u>          STEPHEN RASLAVICH
                                       United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| BENJAMIN H. AND VERNETTE P. DANIELS | : |
| DEBTOR(S) | : BANKRUPTCY NO. 04-11496 SR |

# ORDER

**AND NOW**, upon consideration of the Motion to Dismiss Chapter 13 Bankruptcy Case filed by EMC Mortgage Corporation, the Answer in opposition thereto filed by the Debtor, and after hearing held March 30, 2005, it is hereby:

**ORDERED,** that for the reasons stated in the within Opinion, the Motion shall be and hereby is Granted; and this case is hereby Dismissed; and it is further:

ORDERED, that Debtors' counsel is hereby directed to appear at a follow-up hearing May 19, 2005, at 10:00 a.m., United States Bankruptcy Court, 900 Market Street, 2nd Floor, Courtroom No. 4, Philadelphia, Pennsylvania, 19107, to show cause why he has not violated F.R.C.P. 11 in connection with this contested matter. The case shall remain open pending the Court's determination following the scheduled show cause hearing.

BY THE COURT:

STEPHEN RASLAVICH
UNITED STATES BANKRUPTCY JUDGE

DATED: April 25, 2005

David A. Scholl, Esquire
The Regional Bankruptcy Center
Law Office of David A. Scholl
#6 St. Albans Ave
Newtown Square, PA 19073

GARY J. GAERTNER, Esquire
Grenen and Birsic, P.C.
One Gateway Center, Ninth Floor
420 Fort Duquesne Blvd.
Pittsburgh, PA 15222

JOHN B. JOYCE, Esquire
Grenen and Birsic , P.C.
One Gateway Center
Nine West
Pittsburgh, PA 15222

Cheryl Roth Herzfeld, Esquire
Cedrone & Janove
Suite 940 The Public Ledger Building
6th and Chestnut Streets
Philadelphia PA 19106

George Conway, Esquire
Office Of The U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia PA  19106

Frederick L. Reigle, Esquire
Chapter 13 Trustee
2901 St. Lawrence Avenue
P.O. Box 4010
Reading PA 19606

Nancy Mulvehill, Courtroom Deputy